IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON MANNING, M30034, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-01223-SMY |
| | ) |
| RYAN A. KILDUFF, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Antwon Manning, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from a disciplinary ticket he received at Shawnee. The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-13): Plaintiff received a disciplinary ticket at Shawnee on October 20, 2023, after asking an officer if he felt tough abusing his authority. *Id*. at 8-13.[1] When the officer ordered Plaintiff to lock up, the inmate said, "[You] can't lock me up." *Id*. at 12. Plaintiff was cited for disobeying a direct order and intimidating or threatening the officer. He was found guilty at a disciplinary hearing on

---

[1] Along with the Complaint, Plaintiff submitted a copy of his disciplinary report, the adjustment committee's final summary report, his grievance, and the Administrative Review Board's (ARB) return of grievance (Doc. 1, pp. 8-13). Because documents "attached to the complaint" are "part of the complaint," the Court offers a brief summary of the underlying disciplinary action as context for Plaintiff's claim against ARB Member Ryan Kilduff. *See Perez v. Fenoglio*, 792 F.3d 768, 782-83 (7th Cir. 2015) (citing *Arnett v. Webster*, 658 F.3d 742, 746 (7th Cir. 2011)).

1

October 31, 2023, and punished with 14 days in segregation and 30 days of C grade. *Id*. at 12-13.

Plaintiff filed a grievance to challenge this decision by placing it in a grievance box at Shawnee on November 5, 2023. He received no response and suspects the grievance was thrown away. *Id*. Plaintiff re-wrote the grievance and sent it directly to the Administrative Review Board (ARB) in Springfield, Illinois. *Id*. at 6. He explained that he already attempted to file the grievance at the prison and received no response. ARB Member Ryan Kilduff nevertheless returned the paperwork to Plaintiff with instructions to file the grievance at the prison first and then resubmit an appeal to the ARB with copies of the counselor's, grievance officer's, and warden's response. Kilduff interfered with Plaintiff's access to the courts by ignoring his first attempt to file a grievance and requiring him to try again before he could exhaust his administrative remedies and file suit in compliance with the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Id*.

## Discussion

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

Count 1:   First and/or Fourteenth Amendment claim against Defendant Kilduff for interfering with Plaintiff's access to the courts by rejecting his grievance at the ARB level and returning it to Plaintiff for re-filing at the institution level before appealing to the ARB, exhausting his remedies, and filing suit to challenge the disciplinary ticket issued October 20, 2023.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

A court presented with a claim for interference with court access considers whether prison officials failed to "assist in the preparation and filing of meaningful legal papers by providing [the] prisoner[ ] with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). *Jenkins*, 977 F.2d at 268 (quoting *Bounds v.*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Smith*, 430 U.S. 817, 828 (1977)).  The Court also considers whether the plaintiff has shown "some quantum of detriment caused by the challenged conduct or state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.  Plaintiff's Complaint does not meet these standards.

Plaintiff alleges that ARB Member Kilduff prevented him from exhausting his administrative remedies and filing suit in federal court when he rejected Plaintiff's grievance and required him to resubmit it at the prison.  Plaintiff's concerns stem from the PLRA's requirement that prisoners exhaust administrative remedies before bringing suit in federal court.  42 U.S.C. § 1997e(a).  More specifically, pursuant to the PLRA, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted."  *Id*. (emphasis added).  Thus, exhaustion of available administrative remedies is a precondition to suit.  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dale v. Lappin*, 376 F.3d at 652, 655 (7th Cir. 2004).

When an inmate is unable to exhaust administrative remedies because they are unavailable, however, the inmate is excused from the PLRA's exhaustion requirement.  A plaintiff may simply file his suit in federal court.  The circumstances described by Plaintiff do not support a claim of interference with court access because administrative remedies were unavailable.

Moreover, no independent claim arises under the Fourteenth Amendment Due Process clause because prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause.  Therefore, the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d

3

950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3f 763, 772 n.3 (7th Cir. 2008). Whether justified or not, Kilduff's rejection of the grievance supports no due process claim under the Fourteenth Amendment, and he was not mentioned in connection with the underlying disciplinary ticket, hearing, decision, or punishment.

Count 1 will be dismissed with prejudice against Defendant Kilduff. Because an amendment would be futile in this particular case, the entire action will be dismissed with prejudice. *See Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024) ("District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile."); *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004) (leave to amend may be denied because of futility, undue delay, or dilatory motive).

## Disposition

The Complaint (Doc. 1), including **COUNT 1** against **RYAN KILDUFF**, is **DISMISSED** with prejudice for failure to state a claim for relief. Because leave to amend would be futile, the entire action is **DISMISSED with prejudice**.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this

4

28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 5, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
